Exhibit 9

Kenneth A. Goldberg, Esq. (KG 0295)
**GOLDBERG & FLIEGEL LLP**
60 East 42nd Street, Suite 3421
New York, New York 10165
(212) 983-1077
Attorneys For Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - x

KEITH TURNER,

                  Plaintiff,

       - against -

NYU HOSPITALS CENTER,
NYU MEDICAL CENTER,
NYU SCHOOL OF MEDICINE, AND
NYU HEALTH SYSTEM

- - - - - - - - - - - - - - - x

**06 Civ 1910**

<u>**COMPLAINT AND JURY DEMAND**</u>

<u>**JURY TRIAL DEMANDED**</u>

<u>**NATURE OF THE ACTION AND THE PARTIES**</u>

    1.   This is an action to redress unlawful discrimination based on race, color and national origin, unlawful harassment, unlawful retaliation, and unlawful employment practices, under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e <u>et seq.</u>, the Civil Rights Act of 1866, as amended ("Section 1981"), 42 U.S.C. § 1981 <u>et seq.</u>, the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. L. § 290 <u>et seq.</u>, and the New York City Human Rights Law, (the "NYCHRL"), N.Y.C. Admin. Code § 8-101 <u>et seq.</u>

2.    Plaintiff Keith Turner ("Mr. Turner" or "Plaintiff") is an adult male citizen of the United States, residing in Ardsley, New York.

3.    Defendants NYU Hospitals Center, NYU Medical Center, NYU School Of Medicine and NYU Health System (collectively, "NYU" or "Defendants"), are one or more corporations incorporated under the laws of the state of New York with corporate offices and/or a principal place of business in New York, New York.

### JURISDICTION AND VENUE

4.    This Court has jurisdiction over Plaintiff's claims pursuant to Title VII, 42 U.S.C. § 2000e-5(f) U.S.C., Section 1981, 42 U.S.C. § 1981, 1981a, 1988, and 28 U.S.C. §§ 1331, 1343, 1367(a) and 2201.

5.    Venue is proper in this district pursuant to Title VII, 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. § 1391(b) and (c).

6.    In November 2004, Plaintiff filed a timely charge of discrimination, harassment and retaliation with the United States Equal Employment Opportunity Commission ("EEOC").

7.    On December 12, 2005, the EEOC issued a Notice Of Right To Sue, which Plaintiff received several days later.

8.    Prior to filing this Complaint, Plaintiff served a copy of this Complaint on the New York City Commission Of Human Rights and the New York City Corporation Counsel.

9.   Plaintiff has satisfied all of the statutory prerequisites to filing this action with this Court.

10.   Plaintiff sees an award of appropriate relief.

## FACTS

11.   NYU unlawfully discriminated against Mr. Turner regarding compensation, terms, conditions and privileges of employment, and employment opportunities, unlawfully harassed him, and unlawfully discharged him, because of race, color and national origin and because he complained of discrimination. NYU's proffered reason for its conduct was a pretext for unlawful discrimination, unlawful discharge and unlawful retaliation.

12.   In September 2002, NYU hired Mr. Turner for the position of Manager, Building Services Department (the "Department").

13.   Mr. Turner held that Manager position and was employed by NYU for approximately two years, through June 14, 2004.

14.   At all relevant times, Mr. Turner was fully qualified for his position with NYU and performed well.

15.   Upon information and belief, in the most recent performance evaluation given to Mr. Turner by NYU, NYU stated that Mr. Turner's job performance was "meets requirements."

16.   Mr. Turner is Caucasian and of American National Origin. At all relevant times, NYU was aware of same.

17.   During Mr. Turner's employment, NYU also employed Bozena Sutowski as Manager, Building Services Department.  Ms. Sutowski held the same position as Mr. Turner.  She is Caucasian.

18.   Mr. Turner and Ms. Sutowski reported to Udel DeGazon and Hilda Pineda, management employees in the Department.

19.   Mr. DeGazon is Black and from St. Lucia. He is neither Caucasian nor American.  He is not of Mr. Turner's or Ms. Sutowski's race, color or national origin.

20.   Ms. Pineda is Hispanic.  Like Mr. DeGazon, Ms. Pineda is not of Mr. Turner's or Ms. Sutowski's race or color.

21.   Mr. DeGazon and Ms. Pineda had actual and apparent authority over Mr. Turner and Ms. Sutowksi.  In addition, Mr. DeGazon had actual and apparent authority over Ms. Pineda and he also had significant decision-making, managerial, executive and supervisory authority, including without limitation to make employment decisions, to hire and discharge employees and to make and/or recommend employment and personnel decisions.

22.   During Mr. Turner's employment, he opposed, objected to and complained of discrimination and harassment, including, among other items, complaining about Mr. DeGazon's unlawful conduct.

23.   For example, in April 2004, Mr. Turner complained to NYU's Human Resources Department that Mr. DeGazon was discriminating based on race, color and national origin and, in fact, was according favorable treatment to Robert Stephen, a

-4-

Supervisor in the Department, with respect to terms, conditions, and privileges of employment and employment opportunities.  Upon information and belief, Mr. Stephen is of the same race, color and national origin as Mr. DeGazon, is Black and from St. Lucia.

24.  Mr. Turner's complaint came on the heels of complaints about Mr. DeGazon by two other employees in the Department, Corie Fromkin (Caucasian American) and Ms. Sutowski (Caucasian).

25.  In early 2004, Ms. Fromkin, then an office manager in the Department, complained to NYU about Mr. DeGazon.

26.  After Ms. Fromkin made her complaint, Ms. Sutowski complained to NYU about Mr. DeGazon.

27.  After Ms. Sutowski made her complaint, Mr. Turner complained to NYU about Mr. DeGazon.

28.  NYU did not investigate and did not take appropriate remedial action in response to Mr. Turner's opposition to, objections to and/or complaints about unlawful discrimination and harassment, and failed to stop the unlawful conduct.

29.  NYU ignored Mr. Turner's opposition to, objections to and/or complaints about unlawful discrimination and harassment and NYU continued to engage in such unlawful conduct.  NYU unlawfully retaliated against Mr. Turner for engaging in protected activity and opposing, objecting to and/or complaining about unlawful discrimination and harassment.

30.   Indeed, NYU promoted Mr. DeGazon, and employees who complained about Mr. DeGazon were subsequently discharged by him. Mr. DeGazon discharged Ms. Fromkin, Ms. Sutowski and Mr. Turner.

31.   On or about April 30, 2004, after Ms. Fromkin, Ms. Sutowski and Mr. Turner had complained about Mr. DeGazon, NYU promoted Mr. DeGazon from Assistant Director to Interim Director in the Department, which was a stepping stone to Director.

32.   On the day that Mr. DeGazon was promoted to Interim Director, and after that promotion, he discharged Ms. Fromkin.

33.   In May 2004, after Mr. DeGazon had discharged Ms. Fromkin, Mr. DeGazon met with Ms. Sutowski and Mr. Turner.   Mr. DeGazon told Ms. Sutowski and Mr. Turner that he was aware of their complaints about him, intimidated them and attempted to coerce them to resign from their employment.   Mr. DeGazon's conduct constituted further discrimination and retaliation.

34.   NYU allegedly had a policy of keeping employee complaints confidential.   Notwithstanding NYU's alleged policy, NYU disclosed to Mr. DeGazon the complaints that Ms. Sutowksi and Mr. Turner had made about him, in violation of NYU's alleged policy and in violation of the employees' rights thereunder.

35.   Notwithstanding Mr. DeGazon's unlawful conduct, Ms. Sutowski and Mr. Turner declined to resign.

36.   On June 8, 2004, Mr. DeGazon gave a handwritten document to Mr. Turner stating, among other items: "Are You A

Coward." Mr. DeGazon's conduct constituted further discrimination and retaliation.

37. As noted above, Mr. Turner and Ms. Sutowski also reported to Ms. Pineda. Ms. Pineda hired a Hispanic employee, Ms. Rodriguez, and spoke Spanish to her in front of Mr. Turner. Ms. Pineda then told Mr. Turner to learn to speak Spanish.

38. On June 14, 2004, between approximately 12:00 p.m. and 1:00 p.m., NYU discharged Ms. Sutowski.

39. On June 14, 2004, between approximately 1:00 p.m. and 2:00 p.m., NYU discharged Mr. Turner.

40. That same day, NYU gave Mr. Turner letters stating, among other items, that: (a) "your position as Manager Building Services is being eliminated effective June 14, 2004"; (b) "you are eligible for four (4) weeks of notice pay plus an additional one (1) weeks of severance pay"; and (c) "the position held by Keith Turner has been eliminated."

41. NYU did not terminate Mr. Turner for cause, did not terminate him for poor job performance, and did not terminate him for any reason relating to his job performance.

42. Mr. DeGazon made or directly participated in the decisions to discharge Ms. Sutowski and Mr. Turner.

43. On June 17, 2004, only three days after NYU discharged Ms. Sutowski and Mr. Turner, NYU promoted Mr. DeGazon from Assistant Director to Director in the Department.

-7-

44.   On June 18, 2004, only four days after NYU discharged Ms. Sutowski and Mr. Turner, Mr. DeGazon promoted Mr. Stephen from Supervisor to Manager, Building Services Department.  As noted above, Mr. Stephen is of the same race, color and national origin as Mr. DeGazon.

45.   Mr. DeGazon also promoted Hilda Pineda from Operations Manager to Associate Director, Building Services Department.

46.   Mr. Turner was more qualified than Mr. Stephen for the position of Manager, Building Services Department.

47.   Mr. Turner learned of the promotions from E-Mails that he received from NYU on June 18, 2004 ("the 6/18/04 E-Mail").

48.   NYU's statement to Mr. Turner that the position of Manager, Building Services Department had been eliminated is false and NYU's proferred reason for Mr. Turner's discharge is a pretext for unlawful discrimination and unlawful retaliation.

49.   NYU did not eliminate the position of Manager, Building Services Department.  NYU had a Manager position as shown by, among other items, the promotion of Mr. Stephen to Manager.

50.   Mr. Turner was more qualified than Mr. Stephen for the position of Manager, Building Services Department.

51.   NYU alleges that it terminated Ms. Sutowski for cause (poor job performance) and that her position was not eliminated. This contradicts NYU's statement to Mr. Turner that the position of Manager, Building Services Department had been eliminated.

52.   In addition, since NYU discharged Ms. Sutowski before Mr. Turner, if Mr. Sutowski's position was not eliminated, then at the time of Mr. Turner's discharge, there was an available Manager, Building Services Department position and Mr. Turner was fully qualified for same.

53.   Upon information and belief, NYU and Mr. DeGazon made the decision to promote Mr. Stephen to the position of Manager, Building Services Department prior to the discharge of Ms. Sutowski and Mr. Turner, they advised Mr. Stephen of same, and Mr. Stephen then took steps to prepare for such a promotion.

54.   Upon information and belief, Mr. DeGazon sent the 6/18/04 E-Mail to Mr. Turner to further discriminate and retaliate against him by advising him that there was in fact a Manager position and it had been filled by Mr. Stephen.

55.   Upon information and belief, Mr. DeGazon defamed Mr. Turner by stating on Mr. Turner's "Confidential Personnel Profile" that Mr. Turner was working at an "unacceptable level of performance" and is not eligible for rehire by NYU.  This was a further act of discrimination and retaliation against Mr. Turner. Mr. Turner did not learn of this unlawful conduct until after he received a copy of the EEOC's file in January 2006, which file contained a copy of the alleged "Confidential Personnel Profile".

56.   At all relevant times, NYU was fully aware of Mr. DeGazon's unlawful conduct.

-9-

57.  NYU unlawfully discharged Mr. Turner because of his race, color and national origin and NYU's conduct constituted unlawful discrimination, harassment and retaliation.  NYU's proffered reasons for the challenged conduct are a pretext for unlawful discrimination, harassment and unlawful retaliation.

58.  NYU's discrimination and harassment was severe and pervasive, adversely affected the terms, conditions and privileges of Mr. Turner's employment, resulted in adverse tangible employment actions, and created a hostile, offensive and abusive work environment.

59.  Tolerance of discrimination and harassment was a term and condition of Mr. Turner's employment, Mr. Turner suffered adverse tangible employment actions because he refused to acquiesce to that conduct and protested such conduct, and Mr. Turner was the victim of "quid pro quo" harassment.

60.  NYU's unlawful conduct was intentional and was carried out with malice or reckless indifference to Mr. Turner's protected rights to be free from unlawful discrimination, harassment and retaliation.

61.  NYU knew or should have known of the unlawful discrimination, unlawful harassment and unlawful retaliation against Mr. Turner, did nothing to stop such unlawful conduct, and that conduct continued.

-10-

62.  NYU's unlawful discrimination, unlawful harassment, and unlawful retaliation against Mr. Turner adversely affected the terms, conditions and privileges of his employment with NYU.

63.  NYU authorized unlawful discrimination, unlawful harassment and unlawful retaliation against Mr. Turner and the employees who engaged in such unlawful conduct were unfit and NYU was reckless and/or negligent in employing them.

64.  NYU failed to exercise reasonable care to prevent and correct unlawful discrimination, unlawful harassment and unlawful retaliation against Mr. Turner and NYU ratified, approved, and/or condoned such unlawful conduct.

65.  Upon information and belief: (a) NYU discriminated against and/or harassed other employees based on their race, color or national origin; (b) one or more other employees opposed, objected to and/or complained about discrimination and/or harassment; and (c) NYU retaliated against one or more other employees who objected to, opposed and/or complained about discrimination and/or harassment.

66.  Upon information and belief, NYU has engaged in a pattern and practice of unlawful discrimination, harassment, and retaliation.

67.  As a result of NYU's unlawful conduct, Mr. Turner has suffered, and continues to suffer, among other items, substantial damages.

68.   As a result of NYU's unlawful conduct, Mr. Turner has suffered, and continues to suffer, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.

69.   NYU's unlawful conduct is continuing, and Defendants are jointly and severally liable for the unlawful conduct alleged herein.

70.   Mr. Turner is entitled to the relief sought herein.

71.   In 2005, Mr. DeGazon separated from NYU.

## COUNT ONE

### (TITLE VII)

72.   Mr. Turner repeats and realleges every allegation in paragraphs 1 through 71 of this Complaint with the same force and effect as though fully set forth herein.

73.   NYU employs more than 15 employees.

74.   At all relevant times, NYU was an "employer" within the meaning of Title VII.  42 U.S.C. § 2000e(b).

75.   At all relevant times, Mr. Turner was an "employee" within the meaning of Title VII.  42 U.S.C. § 2000e(f).

76.   NYU's conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination on the basis of

-12-

race, color and national origin, in violation of Title VII.   42
U.S.C. §§ 2000e, 2000e-2(a).

77.  NYU's conduct, as alleged herein, constituted unlawful
retaliation in violation of Title VII.   42 U.S.C. §§ 2000e,
2000e-3(a).

78.  NYU's conduct, as alleged herein, was carried out with
malice or reckless disregard for Mr. Turner's protected rights to
be free from discrimination, harassment, and retaliation.

79.  As a result of NYU's unlawful conduct, Mr. Turner has
suffered and continues to suffer injury, with resulting monetary
and other damages, including without limitation lost wages, lost
back pay and front pay, lost bonuses, lost benefits, lost pension
and retirement earnings, lost interest and attorneys' fees and
costs.  Mr. Turner is entitled to recover such monetary and other
damages, punitive damages, interest, and attorneys' fees and
costs from NYU under Title VII.

80.  As a further result of NYU's unlawful conduct, Mr.
Turner has suffered and continues to suffer, among other items,
impairment and damage to his good name and reputation, emotional
distress, mental anguish, emotional pain, suffering,
inconvenience, loss of enjoyment of life, and lasting
embarrassment and humiliation.  Mr. Turner is entitled to recover
damages for such injuries from NYU under Title VII.

## COUNT TWO

### (SECTION 1981)

81.   Mr. Turner repeats and realleges every allegation in paragraphs 1 through 80 of this Complaint with the same force and effect as though fully set forth herein.

82.   NYU's conduct, as alleged herein, constituted unlawful discrimination against Mr. Turner in the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship," in violation of Section 1981.  42 U.S.C. § 1981.

83.   NYU's conduct, as alleged herein, constituted unlawful retaliation in violation of the Section 1981.  42 U.S.C. § 1981 et seq.

84.   NYU's conduct, as alleged herein, was carried out with malice or reckless disregard for Mr. Turner's rights to be free from discrimination and retaliation.

85.   As a result of NYU's unlawful conduct, Mr. Turner has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs.  Mr. Turner is entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from NYU under Section 1981.

-14-

86.  As a further result of NYU's unlawful conduct, Mr. Turner has suffered and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.  Mr. Turner is entitled to recover damages for such injuries from NYU under Section 1981.

## COUNT THREE

### (NYSHRL)

87.  Mr. Turner repeats and realleges every allegation in paragraphs 1 through 86 of this Complaint with the same force and effect as though fully set forth herein.

88.  At all relevant times, NYU was an "employer" within the meaning of the NYSHRL.  N.Y. Exec. Law § 292(5).

89. At all relevant times, Mr. Turner was an "employee" within the meaning of the NYSHRL, and a "person" within the meaning of the NYSHRL.  N.Y. Exec. Law §§ 292(1), 292(6).

90.  NYU's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination on the basis of race, color and national origin, in violation of the NYSHRL. N.Y. Exec. L. §§ 296, 296(1)(a).

91.  NYU's conduct, as alleged herein, constituted unlawful retaliation in violation of the NYSHRL.  N.Y. Exec. L. §§ 296, 296(1)(e), 296(3-a)(c), 296(7).

-15-

92.   As a result of NYU's unlawful conduct, Mr. Turner has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs.   Mr. Turner is entitled to recover such monetary and other damages, from NYU under the NYSHRL.

93.   As a further result of NYU's unlawful conduct, Mr. Turner has suffered and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.   Mr. Turner is entitled to recover damages for such injuries from NYU under the NYSHRL.

<u>**COUNT FOUR**</u>

**(NYCHRL)**

94.   Mr. Turner repeats and realleges every allegation in paragraphs 1 through 93 of this Complaint with the same force and effect as though fully set forth herein.

95.   At all relevant times herein, NYU was an "employer", "covered entity" and a "person" within the meaning of the NYCHRL. N.Y.C. Admin. Code §§ 8-102, 8-102(1), 8-102(5), 8-102(17), 8-107, 8-107(1).

-16-

96. At all relevant times herein, Mr. Turner was a "person" within the meaning of the NYCHRL.  N.Y.C. Admin. Code §§ 8-102, 8-102(1).

97. NYU's conduct, as alleged herein, constituted "unlawful discriminatory practices" and unlawful discrimination on the basis of race, color and national origin, in violation of the NYCHRL.  N.Y.C. Admin. Code §§ 8-107, 8-107(1)(a).

98. NYU's conduct, as alleged herein, constituted unlawful retaliation in violation of the NYCHRL.  N.Y.C. Admin. Code §§ 8-107, 8-107(7).

99. NYU's conduct, as alleged herein, was carried out with malice or reckless disregard for Mr. Turner's protected rights to be free from discrimination and harassment, and retaliation.

100. As a result of NYU's unlawful conduct, Mr. Turner has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs.

101. As a further result of NYU's unlawful conduct, Mr. Turner has suffered and continues to suffer, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering,

inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.

102. Mr. Turner is entitled to recover monetary damages and other damages and relief, punitive damages, interest, and attorneys' fees and costs from NYU under the NYCHRL.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment as follows:

(A)  On Count One, enter a judgment declaring the acts and practices of Defendants to be in violation of Title VII, see, e.g., 42 U.S.C. § 2000e-5(g);

(B)  On Count One, award Plaintiff as against Defendants reinstatement and the amount of wages, including without limitation back pay, front pay, bonuses, benefits, pension and retirement earnings, and interest lost as a result of said Defendants' unlawful discrimination, unlawful harassment and unlawful retaliation, in accordance with Title VII, see, e.g., 42 U.S.C. § 2000e-5(g);

(C)  On Count One, award Plaintiff as against Defendants consequential damages for losses resulting from Defendants' unlawful discrimination, unlawful harassment and unlawful retaliation, in accordance with Title VII, see, e.g., 42 U.S.C. § 2000e-5(g);

(D)  On Count One, award Plaintiff as against Defendants compensatory damages for, among other items, injury, impairment

-18-

and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with Title VII, see, e.g., 42 U.S.C. § 1981a;

(E)   On Count One, award Plaintiff as against Defendants punitive damages, in accordance with Title VII, see, e.g., 42 U.S.C. § 1981a;

(F)   On Count One, award Plaintiff as against Defendants the cost of this action, together with reasonable attorneys' fees, in accordance with Title VII, see, e.g., 42 U.S.C. § 2000e-5(k);

(G)   On Count Two, enter a judgment declaring the acts and practices of Defendants to be in violation of Section 1981, 42 U.S.C. § 1981 et seq.;

(H)   On Count Two, award Plaintiff as against Defendants reinstatement and the amount of wages, including without limitation back pay, front pay, bonuses, benefits, pension and retirement earnings, and interest lost as a result of Defendants' unlawful discrimination, unlawful harassment and unlawful retaliation, in accordance with Section 1981, 42 U.S.C. § 1981 et seq.;

(I)   On Count Two, award Plaintiff as against Defendants consequential damages for losses resulting from Defendants' unlawful discrimination, unlawful harassment and unlawful

-19-

retaliation, in accordance with Section 1981, 42 U.S.C. § 1981 <u>et</u> <u>seq.</u>;

(J)  On Count Two, award Plaintiff as against Defendants compensatory damages for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with Section 1981, 42 U.S.C. § 1981 <u>et seq.</u>;

(K)  On Count Two, award Plaintiff as against Defendants punitive damages, in accordance with Section 1981, 42 U.S.C. § 1981 <u>et seq</u>;

(L)  On Count Two, award Plaintiff as against Defendants the cost of this action, together with reasonable attorneys' fees, in accordance with Section 1981, 42 U.S.C. § 1988 (b);

(M)  On Count Three, enter a judgment declaring the acts and practices of Defendants to be in violation of the NYSHRL, <u>see,</u> <u>e.g.,</u> N.Y. Exec. L. § 297(9);

(N)  On Count Three, award Plaintiff as against Defendants reinstatement and the amount of wages, including without limitation back pay, front pay, bonuses, benefits, pension and retirement earnings, and interest lost as a result of Defendants' unlawful discrimination, unlawful harassment and unlawful

retaliation, in accordance with the NYSHRL, see, e.g., N.Y. Exec. L. § 297(9);

(O)  On Count Three, award Plaintiff as against Defendants consequential damages for losses resulting from Defendants' unlawful discrimination, unlawful harassment and unlawful retaliation, in accordance with the NYSHRL, see, e.g., N.Y. Exec. L. § 297(9);

(P)  On Count Three, award Plaintiff as against Defendants compensatory damages for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with the NYSHRL, see, e.g., N.Y. Exec. L. § 297(9);

(Q)  On Count Four, enter a judgment declaring the acts and practices of Defendants to be in violation of the NYCHRL, see, e.g., N.Y.C. Admin. Code § 8-502;

(R)  On Count Four, award Plaintiff as against Defendants reinstatement and the amount of wages, including without limitation back pay, front pay, bonuses, benefits, pension and retirement earnings, and interest lost as a result of Defendants' unlawful discrimination, unlawful harassment and unlawful retaliation, in accordance with the NYCHRL, see, e.g., N.Y.C. Admin. Code § 8-502;

(S)  On Count Four, award Plaintiff as against Defendants consequential damages for losses resulting from Defendants' unlawful discrimination, unlawful harassment and unlawful retaliation, in accordance with the NYCHRL, see, e.g., N.Y.C. Admin. Code § 8-502;

(T)  On Count Four, award Plaintiff as against Defendants compensatory damages for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with the NYCHRL, see, e.g., N.Y.C. Admin. Code § 8-502;

(U)  On Count Four, award Plaintiff as against Defendants punitive damages, in accordance with the NYCHRL, see, e.g., N.Y.C. Admin. Code § 8-502;

(V)  On Count Four, award Plaintiff as against Defendants the cost of this action, together with reasonable attorneys' fees, in accordance with the NYCHRL, see, e.g., N.Y.C. Admin. Code § 8-502; and

(W)  Grant Plaintiff such other and further relief as may be necessary and proper.

**JURY DEMAND**

Plaintiff demands a jury trial for all issues triable.

Dated:   New York, New York
         March 10, 2006

                    GOLDBERG & FLIEGEL LLP


          By:   _____
                Kenneth A. Goldberg (KG 0295)
                60 East 42nd Street, Suite 3421
                New York, New York 10165
                (212) 983-1077
                Attorneys for Plaintiff

-23-