UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEITH TURNER,

        Plaintiff,

  -against-                            06 Civ. 1910 (GBD)

NYU HOSPITALS CENTER, NYU MEDICAL
CENTER, NYU SCHOOL OF MEDICINE, and NYU
HEALTH SYSTEM,

        Defendants.

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

EDWARDS ANGELL PALMER & DODGE LLP
David R. Marshall
Rachel B. Jacobson
Attorneys for Defendants
750 Lexington Avenue
New York, New York 10022
212.308.4411
dmarshall@eapdlaw.com

## TABLE OF CONTENTS

**Page**

ARGUMENT ........................................................................................................................ 1
    I.    Defendants Complied With Their Discovery Obligations ................................... 1
    II.    Plaintiff Identifies No Triable Issue Of Pretext Or Discriminatory Motive .......... 3
        A.    Plaintiff Misrepresents The Applicable Law ............................................ 3
        B.    Plaintiff Identifies No Evidence Rebutting NYUHC's Legitimate Nondiscriminatory Reason For Eliminating His Position ......................... 4
        C.    Plaintiff Has Pointed to No Evidence Showing Discriminatory Animus ....................................................................................................... 7
        D.    No "Pattern Of Discrimination" Warrants Denial of Defendants' Motion ........................................................................................................ 8
    III.    Plaintiff Has Not Met His Evidentiary Burden With Respect To His Retaliation Claim ................................................................................................... 9
        A.    Plaintiff Has Not Shown He Engaged in Protected Activity ..................... 9
        B.    Plaintiff Has Not Shown That the Reasons for NYUHC's Employment Decisions Were A Pretext For Retaliation ........................... 9
CONCLUSION .................................................................................................................. 10
TABLE OF AUTHORITIES ............................................................................................... II

## TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Abdu-Brisson v. Delta Air Lines, Inc.*,
  239 F.3d 456 (2d Cir. 2001) ...........................................................................................4

*Adeyanju v. St. Luke's Roosevelt Hosp.*,
  2000 U.S. Dist. LEXIS 22184 ........................................................................................5

*Alleyne v. Four Seasons Hotel*,
  2001 U.S. Dist. LEXIS 1503 (S.D.N.Y. Feb. 12, 2001) .................................................8

*Arista Records LLC v. Lime Grp. LLC*,
  2010 WL 2291485 (S.D.N.Y. May 25, 2010) ................................................................2

*Beers v. NYNEX Materials Enters. Co.*,
  1992 U.S. Dist. LEXIS 240 (S.D.N.Y. Jan. 13, 1992) ....................................................6

*Calabritto v. Dillon*,
  1997 U.S. App. LEXIS 3331 (2d Cir. Feb. 21, 1997) ....................................................4

*Cooper v. State of CT Pub. Defenders Office*,
  280 Fed. Appx. 24 (2d Cir. 2008) ...................................................................................3

*Crawford-Mulley v. Corning Inc.*,
  194 F. Supp.2d 212 (W.D.N.Y. 2002) .........................................................................6, 7

*David v. The Children's Village*,
  132 Fed. Appx. 872 (2d Cir. 2005) .................................................................................6

*El Sayed v. Hilton Hotels Corp.*,
  2009 U.S. Dist. LEXIS 119483 (S.D.N.Y. Dec. 16, 2009) ...........................................10

*Int'l Bhd. of Teamsters v. U.S.*,
  431 U.S. 324 (1977) ........................................................................................................8

*McCarthy v. N.Y.C. Tech. Coll. of City Univ. of N.Y.*,
  202 F.3d 161 (2d Cir. 2000) ............................................................................................8

*Nugent v. St. Luke's/Roosevelt Hosp. Ctr.*
  2007 U.S. Dist. LEXIS 28274 (S.D.N.Y. Apr. 18, 2007) ...............................................7

*Orlik v. Dutchess County, State of N.Y.*,
  2010 U.S. Dist. LEXIS 33250 (S.D.N.Y. Mar. 25, 2010) ...............................................3

*Padob v. Entex Info. Serv.*,
    960 F. Supp. 806 (S.D.N.Y. 1997) ................................................................................6

*Presser v. Key Food Stores Coop., Inc.*,
    2006 WL 2038508 (E.D.N.Y. July 19, 2006) ................................................................1

*Reeves v. Sanderson Plumbing Prods., Inc.*,
    530 U.S. 133 (2000) ......................................................................................................3

*Rupert v. Dep't of Envir. Svcs.*,
    701 F. Supp.2d 430 (W.D.N.Y. 2010) ..........................................................................5

*Strougo v. Bea Assoc.*,
    188 F. Supp.2d 373 (S.D.N.Y. 2002) ............................................................................2

*Vasquez v. McPherson*,
    285 F. Supp.2d 334 (S.D.N.Y. 2003) ............................................................................2

*Video Cinema-Films, Inc. v. Deutsch Foundation*,
    2005 U.S. Dist. LEXIS 26302 (S.D.N.Y. Nov. 1, 2005) ..............................................2

**RULES**

F.R.C.P. 26 .............................................................................................................................1, 2

## ARGUMENT

### I. Defendants Complied With Their Discovery Obligations

There is no merit whatsoever to Plaintiff's request (Pl. Br. 7-9) to strike Defendants' motion, or the Pineda Declaration, on the ground that it was improper for Pineda to provide testimony in her Declaration about her past practice in applying the Hospital's policies and procedures concerning hiring, firing, and eligibility for rehire or to corroborate her testimony with documents from her files. The reasons are two-fold.

First, Defendants had no duty to produce Pineda's testimony or documentation during discovery because Plaintiff never asked for it -- even though Defendants identified Pineda in their Rule 26(a)(1) disclosure as a person with knowledge of NYUHC's personnel polices and procedures and Plaintiff deposed Pineda prior to the close of discovery. *See Presser v. Key Food Stores Coop., Inc.*, 2006 WL 2038508, *2 (E.D.N.Y. July 19, 2006) (denying motion to strike documents submitted on summary judgment motion because the documents "were not the subject of any discovery request") aff'd 316 Fed. Appx. 9 (2d Cir. 2009). Notably absent from Plaintiff's brief is a citation to any discovery demand in which Plaintiff requested the information Pineda provided in her Declaration. Also absent is any reference to any portion of Defendants' Rule 26(a)(1) disclosure that incorrectly or incompletely described Pineda's relationship to the case and the scope of her knowledge. In fact, in their Rule 26(a)(1) disclosures, Defendants notified Plaintiff that Pineda possessed knowledge concerning "applicable policies and procedures, absence of discrimination against Caucasians, hiring, discipline, and termination of co-workers." (Jacobson Dec. Ex. 2).[1] Nevertheless, Plaintiff did not ask Pineda at her deposition about her past practices in implementing Defendants' policies

---

[1] Defendants hereby adopt all the record citation abbreviations used in their original moving papers. "Jacobson Dec." refers to the Declaration of Rachel B. Jacobson submitted in support of this Reply Memorandum of Law.

concerning an employee's eligibility for rehire or the hiring, discipline or termination of white employees as compared to non-white employees. *See Vasquez v. McPherson*, 285 F. Supp.2d 334, 339 (S.D.N.Y. 2003) (denying motion to strike where Plaintiff failed to obtain information by deposition). Plaintiff also never demanded the identification of non-white employees laid off or discharged by DeGazon or Pineda. Thus, there was no duty under Rule 26 for Defendants to produce the nine CPP forms annexed to Pineda's declaration until 30 days before trial. *See* F.R.C.P. 26(a)(3).[2]

Second, it is well-settled that evidence will not be precluded from consideration on a motion for summary judgment because the party opposing the motion argues that the evidence should have been disclosed in discovery. *See Video-Cinema Films, Inc. v. Deutsch Found.*, 2005 U.S. Dist. LEXIS 26302, at *6 n. 22 (S.D.N.Y. Nov. 1, 2005) (denying request to exclude evidence not produced in discovery on summary judgment motion where authentication of documents could not be refuted). It is equally settled that, "Summary Judgment cannot be defeated on the basis of discovery improprieties." *Strougo v. Bea Assoc.*, 188 F. Supp.2d 373, 376 (S.D.N.Y. 2002). "Because refusing to admit evidence that was not disclosed during discovery is a drastic remedy, courts will resort to preclusion only in those rare cases where a party's conduct represents *flagrant bad faith* and *callous disregard* of the Federal Rules of Civil Procedure." *See Arista Records LLC v. Lime Grp. LLC*, 2010 WL 2291485, at *8 (S.D.N.Y. May 25, 2010) (internal citations omitted) (emphasis in the original). A party must show how it is prejudiced by the failure to disclose. *See Id.* (evidence admissible where no showing of

---

[2] Plaintiff falsely alleges three different times in his brief that Defendants' arguments are based upon information not produced to Plaintiff. (Pl. Br. 18, 22, 25). A document listing the 28 employees laid off in or around June 2004 was produced to Plaintiff bearing bates number N 1549-1550. (Odom Dec. Ex. 4). Information concerning complaints of discrimination by Jesse Kilpatrick and Alhaji Mahjeed was also produced in written discovery and during deposition testimony. (Odom Dec. Ex. 1; Odom Tr. 62-63).

2

prejudice). Plaintiff's brief is devoid of any argument that if Pineda's evidence had been disclosed earlier, Plaintiff could have contradicted Pineda's testimony that she applied the policies and procedures regarding eligibility for rehire to Turner in the same fashion as she applied them to non-white employees. Plaintiff's brief is likewise devoid of any evidence that Defendants' belief that Plaintiff never requested this information was unreasonable and in bad faith. Finally, where, as here, a party has had ample time to review and respond to any documents produced in support of a motion, the court may rely on those documents in deciding the motion, even if the documents were not produced in discovery. *Orlik v. Dutchess Cty., State of N.Y.*, 2010 U.S. Dist. LEXIS 33250, at *5 (S.D.N.Y. Mar. 25, 2010) (denying motion to strike where Defendant did not believe documents were responsive to any discovery demands and Plaintiff had ample time to utilize the documents in opposing Defendants' motion).[3]

## II. Plaintiff Identifies No Triable Issue Of Pretext Or Discriminatory Motive

### A. Plaintiff Misrepresents The Applicable Law

Contrary to Plaintiff's claim (Pl. Br. n. 1) that he simply needs to show that Defendants' reasons for its conduct are "unworthy of credence," the Supreme Court made it clear that "[i]t is not enough to *dis*believe the employer; the factfinder must *believe* the plaintiff's explanation of intentional discrimination." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 146-147 (2000) (internal citations omitted); *accord Cooper v. State of CT Pub. Defenders Office*, 280 Fed. Appx. 24, 25 (2d Cir. 2008) ("The Plaintiff must produce not simply some evidence but sufficient evidence to support a rational finding that the legitimate, non-discriminatory reasons

---

[3] Contrary to Plaintiff's assertion that the Court prohibited Defendants on March 2, 2010 from supporting the instant motion with an affidavit attaching "new evidence," no such prohibition was issued. (Pl. Br. 8). At the March 2nd conference, the Court and Defendants' counsel discussed how Defendants would prove the after-acquired evidence defense on a hypothetical summary judgment motion in the absence of discovery concerning that defense. Such a motion is not currently before this Court, which renders the March 2nd discussion moot. Moreover, because the declaration Plaintiff seeks to strike is that of Hilda Pineda, who was identified in Defendants' original Rule 26(a)(1) disclosures on June 1, 2006, it cannot fairly be said that Defendants left Pineda "on the sidelines," as the Court warned against at the conference. (Jacobson Dec. Ex. 1).

3

proffered by the defendant were false, and that more likely than not discrimination was the real reason for the employment action.").

Equally erroneous is Plaintiff's warning (Pl. Br. 9) to the Court about deciding a case where intent is at issue. The Second Circuit has stated: "It is now beyond cavil that summary judgment may be appropriate even in the fact-intensive context of discrimination cases. . . . [T]he salutary purposes of summary judgment -- avoiding protracted, expensive and harassing trials -- apply no less to discrimination cases than to . . . other areas of litigation. . . . [T]rial courts should not treat discrimination differently from other ultimate questions of fact." *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 465 (2d Cir. 2001) (internal quotes and citations omitted).

### B. Plaintiff Identifies No Evidence Rebutting NYUHC's Legitimate Nondiscriminatory Reason For Eliminating His Position

Plaintiff argues that Defendants' legitimate reasons for his layoff are a pretext for discrimination because (i) plaintiff's layoff had a "minimal" effect on the budget; (ii) Defendants violated their policy in laying him off and not rehiring him; (iii) Morelos thought Plaintiff was more qualified than Stephen; and (iv) Plaintiff received a "meets expectations" performance evaluation in 2003. Plaintiff's arguments fail because the first two are flatly contradicted by the facts in the record while the second two are immaterial to the resolution of this motion.

Plaintiff's personal view (Pl. Br. 11-12) that the savings from Turner's layoff were "minimal," even if that view were true, cannot demonstrate pretext. *See Calabritto v. Dillon*, 1997 U.S. App. LEXIS 3331, at *5 (2d Cir. Feb. 21, 1997) (finding Plaintiff's view that elimination of her salary was immaterial to employer's financial position did not indicate that budget cut was pretextual). Plaintiff's view of the savings is, however, factually incorrect. DeGazon's restructuring in response to the president's demand for a 2% budget cut reduced

4

management positions in the Deparment from five to three by eliminating one of the two dayshift manager positions plus the Operations Manager position. (DeGazon Dec. ¶ 16, 22). The salary savings alone was $130,000, hardly a "minimal" amount.[4] (Marshall Dec. Ex. 21; Jacobson Dec. Ex. 5).

Equally unsubstantiated by the record is Plaintiff's assertion (Pl. Br. 12) that his layoff and subsequent ineligibility for rehire violated Hospital policy. Plaintiff has not pointed to any policy mandating that supervisors make all laid off employees eligible for rehire, regardless of performance or qualifications. *See Rupert v. Dep't of Envir. Svcs.*, 701 F. Supp.2d 430, 443 (W.D.N.Y. 2010) (no evidence of pretext where plaintiff could not show treatment deviated from company policy). Instead, Plaintiff was notified in his layoff notice, "You <u>may</u> be considered for placement in any position within the Medical Center for which you are <u>qualified</u>." (Marshall Dec. Ex. 20) (emphasis supplied). The Staff Handbook used the same terms in describing post-layoff employment possibilities (Jacobson Dec. Ex. 4, at N 657). Because DeGazon and Pineda did not believe Turner's performance as one of two dayshift managers showed he could handle the dayshift alone, they were not required to give him preference for Sutowski's position over Stephen or to state on his termination form that he was eligible for rehire. Most important, Plaintiff has failed to identify any evidence that contradicts the proof that Pineda and DeGazon treated Turner the same as other non-white employees whose eligibility forms they completed after layoff or resignation. (Pineda Dec. ¶ 24, Exs. 23-27). Similarly, Plaintiff points to no

---

[4] Contrary to Plaintiff's unsubstantiated assertion (Pl. Br. 15-16) that pay raises awarded to DeGazon, Stephen and Pineda consumed most of the savings from the position eliminations, the relevant records show that even with the raises each of the three earned less than those who held the positions before them, for a total additional salary savings of $25,000 compared to the cost of those positions under Morelos. *See* Jacobson Dec. ¶¶ 6, 7 (Associate Director – DeGazon/Pineda); Jacobson Dec. ¶¶ 6, 8, 9 (Director – Morelos/DeGazon); Jacobson Dec. ¶¶ 10, 11, 12 (Manager – Sutowski/Stephen). *See Adeyanju v. St. Luke's Roosevelt Hosp.*, 2000 U.S. Dist. LEXIS 22184, at *46 (finding employer giving a standard 3% increase after Plaintiff's layoff did not undermine Defendant's claim of financial turmoil).

5

evidence contradicting Odom's testimony that Pineda did not violate Hospital policy when she listed Turner as ineligible for rehire. (Odom Dec. ¶ 20-25).

Plaintiff's repeated reliance on Morelos' view of Turner's and Stephen's relative qualifications is completely misplaced. As shown in Defendants' moving papers, the fact that Morelos, or anyone other than DeGazon himself, thought that Plaintiff was more qualified than Stephen for Sutowski's vacated position is irrelevant and does not demonstrate pretext. (Def. Br. 13-14); *Crawford-Mulley v. Corning Inc.*, 194 F. Supp.2d 212, 220 (W.D.N.Y. 2002) ("[I]t is the perception of . . . the decision-maker which is relevant."); *Beers v. NYNEX Material Enters. Co.*, 1992 U.S. Dist. LEXIS 240, at *33 (S.D.N.Y. Jan. 13, 1992) ("[A] new manager is allowed to appraise an employee's work according to his or her own expectations, even if those expectations are contrary to a prior manager's expectations.") Plaintiff cannot simply point to the fact that Stephen is Saint Lucian to support his burden of showing that DeGazon's disagreement with Morelos' view was racially motivated. *See Padob v. Entex Info. Serv.*, 960 F. Supp. 806, 813 (S.D.N.Y. 1997) (no discrimination found where plaintiff failed to link alleged "differential treatment" to anything "[o]ther than the fact that [the comparator] happens to be a man and Plaintiff is a woman.") Likewise, Plaintiff does not raise a triable issue merely by pointing to Morelos' disagreement with DeGazon, and asking a judge or jury to choose sides between them, because it is axiomatic that a court "do[es] not second guess an employer's personnel decision so long as it is based on something other than a prohibited ground." *David v. The Children's Village*, 132 Fed. Appx. 872, 874 (2d Cir. 2005)

Equally unpersuasive is Plaintiff's assertion (Pl. Br. 17-18) that DeGazon's and Pineda's negative view of Plaintiff's performance in June 2004 is pretextual because in September 2003 Turner received a "meets expectations" rating. Past performance ratings do not immunize an

employee from later criticisms or show that such criticisms are pretextual. *Crawford-Mulley*, 194 F. Supp.2d at 221. Moreover, Plaintiff's argument ignores the irrefutable documentary evidence in Defendants' moving papers and supporting declarations that Pineda sent Turner three memoranda or emails criticizing his performance during the first four months of 2004, not one as Plaintiff alleges (Pl. Br. 17). *See* Pineda Dec.¶ 10, Ex. 9; ¶ 11, Ex. 11; ¶ 12, Ex. 13.

Finally, Plaintiff's argument (Pl. Br. 17-18) that his receipt of severance pay at layoff proves that his performance was satisfactory is fatally flawed. Neither logic nor Hospital policy supports the notion that an employee who loses his due to job elimination, not discharge for cause, must automatically be deemed to be performing at a level that is sufficiently satisfactory to win a competition with a co-worker for a vacant position, or secure his eligibility for rehire.

### C.     Plaintiff Has Pointed to No Evidence Showing Discriminatory Animus

In their moving papers, Defendants demonstrated that Plaintiff could not show disparate treatment or discriminatory animus based upon (i) Plaintiff's allegation that Pineda spoke Spanish; (ii) DeGazon's attendance at the morning check-in meetings; (iii) DeGazon distributing a memo to the staff that asked "are you a coward?"; and (iv) DeGazon including Plaintiff on a group email announcing Stephen's promotion to manager. (Def. Br. 17-20). In response, Plaintiff simply reiterates his own personal interpretation that these events amount to evidence of animus toward him individually because of his race or origin. *Nugent v. St. Luke's/Roosevelt Hosp. Ctr.*, 2007 U.S. Dist. LEXIS 28274, at *55 (S.D.N.Y. Apr. 18, 2007) ("[T]he plaintiff's feelings and perceptions of being discriminated against are not evidence of discrimination.") (internal quotes and citations omitted). It is noteworthy that Plaintiff cites no evidence showing that he was singled out from among his co-workers to be the target of this treatment. He also

makes no effort to refute Defendants' showing that the conduct about which Plaintiff complains was directed toward a racially-mixed group of co-workers, not at Plaintiff individually. (Def. Br. 17-20).

### D. No "Pattern Of Discrimination" Warrants Denial of Defendants' Motion

Plaintiff's claim that summary judgment should be denied because he has shown a "pattern" of discrimination is completely contradicted by the facts and the applicable law. Although a plaintiff can attempt to meet his burden of proof with statistical evidence, that burden cannot be met simply because a plaintiff strings together allegations of mistreatment from some co-workers and labels it a "pattern" or "practice." *Int'l Bhd. of Teamsters v. U.S.*, 431 U.S. 324, n. 16 (1977) ("A pattern or practice would be present only where the denial of rights consists of something more than an isolated sporadic incident, but is repeated, routine, or of a generalized nature."). Plaintiff's sample of two other white employees is wholly insufficient to show a meaningful pattern or practice. *McCarthy v. N.Y.C. Tech. Coll. of City Univ. of N.Y.*, 202 F.3d 161, 165 (2d Cir. 2000) ("sample" of two older employees subjected to same treatment insufficient to show age motivated employment decisions); *Alleyne v. Four Seasons Hotel*, 2001 U.S. Dist. LEXIS 1503, at *38 (S.D.N.Y. Feb. 12, 2001) (finding Plaintiff's sample size of three other employees and one guest insufficient to show a pattern of discrimination because "for such statistical evidence to be probative the sample must be large enough to permit an inference that a person's protected status was a determinative factor in the employer's decision.") Thus, there is neither legal nor factual support for Plaintiff's assertion that a triable issue exists due to purported evidence of a pattern of discrimination against white employees.

In addition, Plaintiff ignores the fact that more than two thirds of the employees laid off along with Plaintiff were non-white. (Odom Dec. ¶ 17, Ex. 4). He also fails to refute the ample

8

proof that DeGazon and Pineda have accorded non-white, foreign-born employees the same treatment that Plaintiff claims he experienced. (Pineda Dec. Ex. 23).

### III. Plaintiff Has Not Met His Evidentiary Burden With Respect To His Retaliation Claim

#### A. Plaintiff Has Not Shown He Engaged in Protected Activity

As Defendants demonstrated, Plaintiff's retaliation claim must fail because complaints of favoritism are not protected activity. (Def. Br. 22-23). Although Plaintiff asserts (Pl. Br. 24) that he complained of "discrimination," not favoritism, he fails to point to any supporting evidence in the record or explain his sworn testimony at deposition that he did complain about race discrimination "because he was looking at a black man trying to complain about a black man" and that the word he actually used was "favoritism." (Pl. Tr. 49-50). Moreover, Plaintiff does not, because he cannot, rebut Odom's testimony that he understood Plaintiff's complaint to be one about favoritism, not race or national origin discrimination. Odom's testimony makes it logically and factually impossible for Plaintiff to prove that after he met with Odom he was punished for complaining about race or origin discrimination because there is no evidence that anyone believed Plaintiff had done so. Without evidence that Plaintiff made, or that anyone in management understood Plaintiff to have made, a complaint of race/origin discrimination, Plaintiff's retaliation claim must be dismissed.[5]

#### B. Plaintiff Has Not Shown That the Reasons for NYUHC's Employment Decisions Were A Pretext For Retaliation

As discussed in detail above and in Defendants moving papers, Defendants had legitimate reasons for their conduct toward Plaintiff. Both to show purported retaliatory animus and to prove racial bias, Plaintiff relies on the same personal beliefs, speculation about personnel

---

[5] Plaintiff alleges (Pl. Br. 24) that retaliatory animus can be inferred because two other employees who made complaints against DeGazon (Fromkin and Sutowski) were also terminated. Plaintiff's argument fails because, as the indisputable evidence shows, neither Fromkin nor Sutowski complained of discrimination. (Def. Br. 6-7).

policies, and discovery objections, not concrete evidence. Defendants have shown above and in their moving papers that Plaintiff's arguments and assertions are all without merit, making repetition of those arguments unnecessary here. What is especially noteworthy, however, is that Plaintiff makes no effort to refute the fact that two employees who also complained about DeGazon (Mahjeed and Kilpatrick) were not discharged or selected for layoff. That fact alone shows that Plaintiff could not persuade a jury that he was the victim of unlawful retaliation.

The only new argument Plaintiff makes is his argument that the close temporal proximity between his alleged complaint to Odom and the date of his layoff is enough for his retaliation claim to survive summary judgment. This argument misstates the law because it is well-recognized that temporal proximity alone is not enough to defeat summary judgment. *See El Sayed v. Hilton Hotels Corp.*, 2009 U.S. Dist. LEXIS 119483, at *26 (S.D.N.Y. Dec. 16, 2009) ("While timing may be sufficient to establish an inference of discrimination, "the close proximity of a termination to the plaintiff's [protected activity] alone is insufficient to demonstrate a pretext.") (internal quotes and citations omitted).

## CONCLUSION

For the foregoing reasons, as well as those set forth in its moving papers, Defendants submit that the overwhelming weight of undisputed or irrefutable evidence shows that summary judgment should be granted. Accordingly, Defendants respectfully request dismissal of Turner's complaint, in its entirety, with prejudice.

Dated: October 29, 2010
New York, New York

    Edwards Angell Palmer & Dodge LLP

    By: ___s/ Rachel B. Jacobson___
        Rachel B. Jacobson